PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. RAMÓN VÉLEZ, VALERIANO DELGADO and SANTIAGO BRIALES, Defendants.—RAMÓN VÉLEZ, Appellant.

No. 2514. Argued June 2, 1925.—Decided June 12, 1925.

1. DISTURBANCE OF PEACE—PLEADING.—An allegation that the neighbors were alarmed by a tumult and a fight charges the defendants with having disturbed the peace of a neighborhood or person.
2. ID.—EVIDENCE.—The testimony of a witness that the defendants had been fighting; that the witness heard the tumult, and that many persons gathered on account of the disturbance, tends to show a disturbance of the peace in violation of the statute.
3. ID.—ID.—The courts may consider any element of proof presented without objection by the adverse party.
4. ID.—ID.—The attitude of the defendants and of other men who emerged from the house where the tumult arose and the position and attitude of the assembled crowd were circumstantial evidence from which the court could deduce a disturbance of the peace by the defendants.

District Court of Aguadilla, Tomás Bryan, J.  Judgment of conviction of a disturbance of the peace.  *Affirmed.*

*Buenaventura Esteves* for the appellant.  *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

[1] A complaint that sets forth that the neighbors were alarmed by a tumult and a fight sufficiently notifies a defendant that he is charged with having annoyed the peace of "a neighborhood or person," as denounced by section 368 of the Penal Code.

[2] The testimony of a policeman that the defendant had been fighting; that witness heard the tumult, and that many persons gathered on account of the disturbance, is evidence tending to show a disturbance of the peace in violation of said section.  Witness said he arrived as the fight was ending.

[3] While, if objection had been made, perhaps the statement that defendant was fighting might have to be excluded as hearsay, in the absence of objection the evidence was satisfactory. *Falero et al.* v. *Falero,* 15 P.R.R. 111. If objected to, the fact of the fight might have been proved otherwise.

[4] Even if the supposed hearsay evidence had been excluded, what the witness was able to observe, the attitude of the defendant and other men who emerged from the house where the tumult arose, the position and attitude of the assembled crowd, was circumstantial evidence from which the court could deduce the existence of a disturbance of the peace by the defendant.

The only objection to the evidence, however, was that it did not tend to prove a disturbance of the peace of any person. The defence itself brought out the fact of persons assembling on account of the tumult, late at night.

We find no error in judgment of conviction and the same should be affirmed.